This is not a contest between the obligee and the obligors, as was the case in Collins v. Blantum, 2 Wils., 347. There the bond was given to stifle a prosecution for perjury, and both plaintiff and defendant were privy to the unlawful *Page 98 
consideration, for which reason the bond was held to be void; nor is it the case of a bond declared to be void by statute on account of the illegality of the consideration on which it was given, as was the case in Lowe v. Waller, Doug., 736, where a bill of exchange given upon an usurious consideration was held to be void in the hands of an indorsee for a valuable consideration without notice of the usury. The present case is one where the bond is given upon a consideration which avoids it at common law, but assigned to the plaintiff before it became due, and without notice of the consideration on which it was given. I had doubted whether the purpose to stifle a prosecution, for which this bond was given, was not of so criminal a nature as to make it void in the hands of an indorsee; but it is said by two judges, in Aubert v. Maze, 2 Bos. and Pull., 371, that there is no distinction between cases that are malum prohibitum and malum in se; and I am not aware that any adjudged (151) case contradicts this position. Taking it, then, that there is no such distinction, the case of Steers v. Lashley, 6 Term, 61, must be considered an authority for the plaintiff. There A was employed as a broker in stock-jobbing transactions for B, and paid money for him, for which he drew a bill on B, and indorsed it to C, after B had accepted it; but C had a knowledge of the unlawful consideration on which it was drawn, and for that reason it was held by the court that he could not recover. From which I am to infer that had he been ignorant of the illegal consideration on which the bill was drawn, he would have been entitled to the judgment of the court in his favor. So in the case of Brown v. Turner, 7 Term, 626, where a bill drawn upon an illegal consideration, having been indorsed after it became due, was held liable in the lands of the indorser to every defense which existed against it in the hands of the original payee. From which I infer that had it been indorsed before it became due, and without notice of the consideration on which it was drawn, as in the present case, the plaintiff would have been entitled to the judgment of the court. Therefore I think the law is in favor of the plaintiff, and that the rule for a new trial be made absolute.
PER CURIAM. Judgment reversed, and new trial awarded.
Approved: Coor v. Spicer, 65 N.C. 401; Bascom v. Smith, 66 N.C. 537;Weith v. Wilmington, 68 N.C. 24; Ward v. Sugg, 113 N.C. 494. *Page 99 
(152)